IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-CV-00189-KDB

| | |
|---|---|
| **RICHARD BURGESS,** | |
| **Plaintiffs,** | |
| v. | **ORDER** |
| **KILOLO KIJAKAZI, Acting Commissioner of Social Security,** [1] | |
| **Defendants.** | |

**THIS MATTER** is before the Court on Plaintiff Richard Burgess' Motion for Summary Judgment (Doc. No. 11) and Defendant's Motion for Summary Judgment (Doc. No. 13). In this action, Plaintiff seeks judicial review of an unfavorable administrative decision denying his application for disability insurance benefits under the Social Security Act (the "Act").

Having reviewed and considered the parties' briefs and exhibits, the administrative record and applicable authority, and for the reasons set forth below, the Court finds this matter should be remanded to allow the ALJ to reconsider and further explain her decision that the claimant is not disabled under the relevant sections of the Act. Accordingly, the Court will **GRANT** Plaintiff's Motion for Summary Judgment, **DENY** Defendant's Motion for Summary Judgement, **REVERSE** the Commissioner's decision, and **REMAND** this matter for further proceedings consistent with this Order.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the Defendant in this suit.

1

# I. PROCEDURAL BACKGROUND

On August 14, 2018, Plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Act, alleging disability since June 1, 2014 (Tr. 21). The claim was denied initially and upon reconsideration. (*Id*.). Following that denial Plaintiff filed a written request for a hearing and ALJ Mary Ryerse (the "ALJ") held a telephone hearing on July 29, 2020, at which Plaintiff and a vocational expert appeared. (*Id*.). On November 13, 2020, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Act. (Tr. 18-32). The Appeals Council denied review of the ALJ's decision on February 25, 2021. (Tr. 1-6). Plaintiff timely seeks review of that decision in this Court pursuant to 42 U.S.C. § 405(g).

# II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration to determine if Mr. Burgess was disabled under the law during the relevant period.[2] At step one, the ALJ found that Mr. Burgess had not engaged in substantial gainful activity ("SGA") since his alleged onset date and at step two that he had several medically determinable and severe impairments: Degenerative disc disease of the lumbar spine, lumbar spondylosis, bilateral hip degenerative joint disease, osteoarthritis bilateral hands, chronic pain syndrome, gout, obesity and adjustment order with depressed mood. (Tr. 24). However, the ALJ

---

[2] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant is able to perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

found at step three that none of Plaintiff's impairments, nor any combination thereof, met or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 24-25).

The ALJ then determined that Mr. Burgess had the residual functional capacity (RFC):

> … to perform sedentary work as defined in 20 CFR 404.1567(a) except he can lift/carry 10 pounds occasionally and less than 10 pounds frequently. He can stand and walk up to two hours in an eight-hour workday and sit up to six hours in an eight-hour workday. He can occasionally push and pull with the bilateral lower extremities and he can occasionally climb, kneel, crouch and crawl. He can frequently balance and stoop as well as frequently handle and finger bilaterally. The claimant must avoid working at unprotected heights. In addition, he is limited to performing unskilled work consisting of routine tasks and he is able to maintain concentration, persistence and pace for two-hour
> periods during the workday.

(Tr. 25). The ALJ then found at step four that Plaintiff could not perform his past relevant work. (Tr. 30). However, at step five the ALJ found that given Plaintiff's age (42 on the alleged disability onset date), education (at least a high school education), work experience and RFC there are jobs that exist in significant numbers in the national economy that he could perform, including "Document Preparer," "Food and Beverage Order Clerk" and "Charge Account Clerk." (Tr. 31-32). Thus, the ALJ concluded that Plaintiff has not been under a disability within the meaning of the Act from the alleged onset date through the date of the decision. (Tr. 32).

### III. LEGAL STANDARD

The legal standard for this Court's review of social security benefit determinations is well established. *See Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020). "The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability. To determine whether an applicant is entitled to benefits, the agency may hold an informal hearing examining (among other things) the kind and number of jobs available for someone with the applicant's disability and other characteristics. The agency's factual

findings on that score are 'conclusive' in judicial review of the benefits decision so long as they are supported by 'substantial evidence.'" *Biestek v. Berryhill*, —— U.S. ——, 139 S. Ct. 1148, 1151-52, 203 L.Ed.2d 504 (2019) (quoting 42 U.S.C. § 405(g)).

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations." *Id*. at 1154 (internal quotation marks and alteration omitted). "[T]he threshold for such evidentiary sufficiency is not high. Substantial evidence ... is more than a mere scintilla.[3] It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citations omitted). Accordingly, this Court does not review a final decision of the Commissioner *de novo*, *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), and must affirm the Social Security Administration's disability determination "when [the] ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Shinaberry,* 952 F.3d at 120 (internal citations omitted); *see also Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ].")

---

[3] As the Fourth Circuit recently noted, "[s]tandards are easy to recite, but harder to apply. Part of that difficulty … lies with confusing terminology like 'a scintilla of evidence.' After all, what in the world is a 'scintilla?' … [D]ating back to the nineteenth century, courts have struggled with the 'distinction between what is a scintilla' and what is not. *Boing v. Raleigh & G.R. Co.*, 87 N.C. 360 (N.C. 1882) (remarking that the distinction 'is so narrow that it is often very difficult for a court to decide upon which side of the line' evidence falls). Recognizing this difficulty, current South Carolina Supreme Court Justice John C. Few once remarked, in jest, that 'scintilla is Latin for "whatever a judge wants it to mean."' … To overcome the vagaries inherent in the term 'scintilla,' courts should not only recite our well-settled standards … but also actively engage with the [relevant underlying evidence] in analyzing the arguments of the parties." *Sedar v. Reston Town Ctr. Prop., LLC*, No. 19-1972, 2021 WL 667088, at *3 (4th Cir. Feb. 22, 2021).

Thus, while the Court must always ensure that proper legal standards are being followed, this Court may not weigh the evidence again, nor substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *See Hays*, 907 F.2d at 1456. "In reviewing for substantial evidence" in support of an ALJ's factual findings, "[the reviewing court] do[es] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the court defers to the ALJ's decision. *Id.* (internal quotation marks omitted); *Shinaberry,* 952 F.3d at 123. This is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

## IV. DISCUSSION

Plaintiff argues that the ALJ's conclusion that he is not disabled is not supported by substantial evidence and that the ALJ failed to "build an accurate and logical bridge" from the evidence in the record to her unfavorable conclusion. *See Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018). Although the Court does not reach all of Plaintiff's criticisms of the ALJ's decision and does not suggest by this remand whether or not Plaintiff should ultimately be found to have been disabled during the relevant period, two points of the ALJ's opinion raise sufficient questions that the Court believes the case should be remanded so that the ALJ may further explain her decision.

Overall, Plaintiff's challenge to the ALJ's decision focuses on his argument that the RFC is not adequately explained. The Court (in part) agrees. In crafting a RFC, the ALJ must consider

5

all of the claimant's "physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016). Also, in performing the RFC assessment, an ALJ "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *See Woods*, 888 F.3d at 694 (quoting *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting SSR 96–8p, 61 Fed. Reg. at 34,478)). Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion. *Woods*, 888 F.3d at 694.

One of Plaintiff's complaints is that the ALJ did not properly evaluate his ability to sit for long periods of time. In the RFC, the ALJ found that Mr. Burgess could "stand and walk up to two hours in an eight-hour workday and sit up to six hours in an eight-hour workday." Tr. 25. However, there is significant evidence in the medical record that Mr. Burgess had some trouble walking and could not sit or stand for "lengthy" periods of time. *See, e.g.*, Tr. 219, 222, 263, 296. Thus, in addition to her RFC finding as to how long Mr. Burgess would be able to stand/sit in total during the day, the ALJ should have discussed the critical issue of how long he could maintain a sitting or standing posture at one time; that is, how frequently Mr. Burgess would need to change positions. *See, e.g., Holland v. Comm'r of Soc. Sec. Admin.*, No. 17-1874-ADC, 2018 WL 1970745, at *10 (D. Md. Apr. 25, 2018) (holding that calculation of time off task might be outcome determinative and the ALJ needs to explain how that number was arrived upon).

Recently, in *Dowling v. Comm'r of Soc. Sec.*, 986 F.3d 377, 388-89 (4th Cir. 2021), the Fourth Circuit addressed a similar circumstance, holding that an ALJ failed to "properly assess the extent to which Appellant's sitting problems impacted her ability to work" and should have been "accompanied by 'a narrative discussion describing' the evidence supporting" the ALJ's

6

conclusion. *Id*. at 388. Accordingly, while on remand the ALJ may well be able to explain how she concluded that Mr. Burgess could sit for 6 hours and stand for 2 hours during the course of a full workday (*see, e.g.*, Tr. 296, noting that Plaintiff could sit for 45 minutes and stand for 10 minutes), the Court will not speculate as to the ALJ's reasoning, nor on the effect that specific limitations in the RFC describing the frequency with which Mr. Burgess needs to change positions might have on the availability of jobs that he would be able to perform.

Second, Plaintiff argues that the ALJ should have explicitly considered Mr. Burgess' need for a "hand-held assistive device," more specifically a cane. The Court agrees. There is ample evidence in the record of Mr. Burgess' use of a cane, including in the ALJ's opinion. *See* Tr. 28, 57, 207, 219, 274, 278, 284, 325. Accordingly, the ALJ should determine whether the device is needed all the time, periodically or only in certain situations that might impact Mr. Burgess' RFC or the jobs available to him. *See* Soc. Sec. Ruling 96-9p.

In sum, because the ALJ failed to explain a key limitation in the Plaintiffs' RFC and address Mr. Burgess' potential need for an assistive device, the Court finds that this action should be remanded to the Commissioner for further proceedings in accordance with this Order.[4] However, again, by ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Mr. Burgess 's application for disability benefits. *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final

---

[4] In addition to his arguments on the merits, Plaintiff urges the Court to find that the ALJ's decision should be overturned because the structure of the Social Security Administration is not constitutional. While the Court need not reach that issue here, it notes that it has recently rejected Plaintiff's position in other matters. *See, e.g., Boger v. Kijakazi*, No. 1:20-CV-00331-KDB, 2021 WL 5023141, at *3 (W.D.N.C. Oct. 28, 2021) (finding that Commissioner's decision was not constitutionally defective).

7

Case 3:21-cv-00189-KDB   Document 16   Filed 12/21/21   Page 7 of 8

decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) (alternation in original) (emphasis omitted) (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 624-25 (1990)).

## V. ORDER

Plaintiff's Motion for Summary Judgment (Doc. No. 11) is **GRANTED**; Defendant's Motion for Summary Judgment (Doc. No. 13) is **DENIED**; and the Commissioner's decision is **REVERSED.** This matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[5]

**SO ORDERED ADJUDGED AND DECREED**.

Signed: December 21, 2021

Kenneth D. Bell
United States District Judge

---

[5] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing." *Sullivan*, 496 U.S. 617, 625 (1990).